IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Arthur R. Moseley, | ) | C/A No. 0:13-1680-GRA-PJG |
| *a.k.a. Shahid Majid*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Judge Newman; Assist Solicitor Kimberly | ) | |
| Barr; Assist Sol Secretary Linda Woods; | ) | |
| Public Defender M. Amanda Shula; Verdell | ) | |
| Barr, Former Private Counsel; Sharon Staggers | ) | |
| Town Clerk, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Arthur R. Moseley, also known as Shahid Majid ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is a pre-trial detainee at the Florence County Detention Center ("FCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the pleadings in accordance with applicable law, the court concludes that the Second Amended Complaint should be summarily dismissed without prejudice and without the issuance and service of process.

## I.    Factual and Procedural Background

Plaintiff filed a Complaint alleging that he is currently detained on a "frivolous bench warrant" for missing roll call in state court on October 29, 2012. (ECF No. 1 at 3, 10.) Plaintiff claims he was hospitalized during roll call, and that hospital staff faxed information to the Solicitor's Office regarding Plaintiff's inability to be present. (Id. at 3.) Plaintiff was arrested on January 7,

2013, for failure to appear in court. (Id.) Plaintiff alleges that the defendants have conspired to unlawfully detain Plaintiff for a mental evaluation to "determine if Plaintiff [is] competent for society;" however, Plaintiff has not yet received any such evaluation. (Id. at 3-4, 10.) Plaintiff further discusses inadequate medical care, but fails to name any party responsible for this allegation in the Complaint's caption. (Id. at 2.) Plaintiff's Complaint seeks immediate release from confinement. (Id. at 1.) Plaintiff failed to provide the service or financial documents necessary to advance his case. Therefore, the court issued an order directing Plaintiff to bring this case into proper form. (ECF No. 8.)

Plaintiff responded to the order by submitting an Amended Complaint. (ECF No. 17.) The caption of Plaintiff's amended pleading lists the same defendants sued in the original Complaint. (Id. at 1.) However, Plaintiff's Amended Complaint includes allegations against FCDC staff associated with the return of Plaintiff's legal mail due to a "minor mistake with zip code." (Id.) The Amended Complaint also seeks immediate release from confinement. (Id. at 5.) Plaintiff still failed to provide all of the service and financial documents necessary for initial review. Thus, the court issued a second order allowing Plaintiff an opportunity to bring this case into proper form. (ECF No. 15.) As it was unclear from the Amended Complaint whether Plaintiff wished to add defendants to this case, the order also directed Plaintiff to submit another complaint form, naming and providing a statement of claim against, all of the defendants he wished to sue in this action. (Id. at 2.) The order advised Plaintiff that the complaint form would be docketed as an amended complaint in this case. (Id.)

PJG

On August 30, 2013, Plaintiff brought the case into proper form by providing service documents, a Motion for Leave to Proceed *In Forma Pauperis*, and a Second Amended Complaint. (ECF Nos. 19–21.) Plaintiff's Second Amended Complaint lists all of the originally named defendants, except Judge Newman.[1] The Second Amended Complaint further lists Sharon Staggers as the Defendant formerly identified as "Town Clerk," and Kimberly Bar as the Defendant formerly identified as "Kimbery Barr." (ECF No. 21 at 1.) Plaintiff alleges that he entered the psychiatric unit of Carolina Hospital on October 29, 2012, due to being traumatized in a robbery "several nights before." (Id. at 3.) Plaintiff's mother allegedly informed him of the state court's roll call and an employee of Pee Dee Mental Health faxed documents regarding Plaintiff's hospitalization on October 30, 2012. (Id.) Plaintiff alleges a transfer to another hospital on November 2, 2012, and release from hospitalization approximately one week later. (Id.) On January 7, 2013, Plaintiff was arrested at his home pursuant to a warrant for "failure to show for court." (Id.) Plaintiff allegedly produced documentation for Defendant Verdell Barr, a private attorney, demonstrating notice to the Solicitor of Plaintiff's hospitalization during roll call. (Id.) However, Defendant Kimberly Barr, an Assistant Solicitor, allegedly testified that she received no facsimile from Plaintiff.[2] (Id.) Defendant Judge Newman purportedly said, "I don't see any reason why the state would lie," and further failed to "agree with [the] evaluation of hospital doctors at Carolina Hospital or Charleston." (Id.)

---

[1] Plaintiff also failed to provide service documents for Judge Newman. However, as Defendant Newman is discussed in the body of the Second Amended Complaint, Plaintiff's claims against this Defendant are addressed in this Report and Recommendation.

[2] Plaintiff's Second Amended Complaint contains no claims against Assistant Solicitor Secretary Linda Woods. However, Plaintiff's original Complaint alleged this Defendant conspired with the other named Defendants to violate Plaintiff's constitutional rights by destroying his facsimile from Carolina Hospital. (ECF No. 1-1 at 3.)



Defendant Newman allegedly declared Plaintiff unfit for society and ordered him detained pursuant to a competency evaluation.  (Id.)  Plaintiff asserts that Defendants Newman, Town Clerk Sharon Staggers, Kimberly Barr, and Verdell Barr "refused to sign document so Sharon Staggers could fax documents to Dept. of Mental Health in 5 days and Plaintiff could be transferred in 15 days."  (Id. at 4.)  Plaintiff also alleges that Public Defender M. Amanda Shula acted "as if she knew nothing of [the] evaluation" despite being present when Judge Newman ordered the evaluation on January 29, 2013.  (Id.)  As of August 23, 2013, Plaintiff states he has been unlawfully incarcerated for 292 days.[3]  (Id.)  Plaintiff seeks: (1) a surety or personal recognizance bond; (2) monetary damages; (3) new policies and procedures to prevent delay of evaluations and prevent violation of the Americans with Disabilities Act; (4) an evaluation before September of 2013; (5) and release from detention.[4] (Id. at 5.)

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

---

[3] Plaintiff did not add any defendants to the caption or "parties" section of the Second Amended Complaint.  (ECF No. 21 at 1–2.)  Plaintiff's Second Amended Complaint also failed to discuss any actions by FCDC employees, and Plaintiff provided no service documents for the FCDC staff discussed in the First Amended Complaint.  Therefore, no defendants have been added to this case.  The Report and Recommendation addresses Plaintiff's claims against the originally named Defendants.

[4] To the extent Plaintiff seeks release from detention, such relief is unavailable under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324–25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[5] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke</u>, 490 U.S. 319; <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>id.</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Erickson</u>, 551 U.S. at 93 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555–56 (2007)).

---

[5] Screening pursuant to § 1915A is subject to this standard as well.



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

PJG

### 1. Immunity

#### a. Judicial Immunity—Judge Newman

It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[6] 42 U.S.C. § 1983. Judicial immunity is not stripped by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Defendant Newman is entitled to summary dismissal from the instant case for claims associated with his judicial rulings in Plaintiff's state proceedings.

#### b. Quasi-Judicial Immunity—Sharon Staggers, Town Clerk

The doctrine of absolute quasi-judicial immunity has also been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see also Pink v. Lester, 52 F.3d

---

[6] Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied in this case.



73 (4th Cir. 1995) (overruling McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972), which held that

clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). Thus,

Defendant Sharon Staggers, Town Clerk, is also immune from Plaintiff's claims for damages or

injunctive relief. See Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) (barring injunctive relief

against a quasi-judicial official); Gilmore v. Bostic, 636 F. Supp. 2d 496, 506 (S.D. W. Va. 2009)

(collecting cases). As such, Defendant Staggers should be summarily dismissed from this action.

### c. Prosecutorial Immunity—Kimberly Barr and Linda Woods

Prosecutors have absolute immunity for activities in or connected with judicial proceedings,

such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions"

hearings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208

F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with Defendant Kimberly Barr's

prosecution of Plaintiff in state court and Defendant Linda Woods' actions as a secretary in the

Solicitor's Office are barred from suit under § 1983. Therefore, these defendants are entitled to

summary dismissal from the case.

### 2. Improper Defendants—Public Defender M. Amanda Shula; Verdell Barr, Former Private Counsel

An attorney, whether retained or appointed, does not act under color of state law when

performing traditional functions as counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 317–24

nn.8–16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980)

(court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus,

Plaintiff's claims relating to the allegedly ineffective representation of Plaintiff in state court

proceedings by Defendants Verdell Barr and M. Amanda Shula are subject to summary dismissal.

PJG

### 3. Americans with Disabilities Act ("ADA")

The ADA prohibits intentional discrimination against qualified individuals with disabilities "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C.§ 12112(a). The ADA requires employers to make reasonable accommodations for disabled individuals. 42 U.S.C. § 12112(b)(5)(A), (B). The statute also applies to government services, public accommodations, and communications, requiring public entities to operate programs and services in a manner that is readily accessible to disabled individuals. 42 U.S.C. §§ 12131(2), 12132. In the present action, Plaintiff cites to the ADA, (ECF No. 21 at 2, 5), but provides no facts to establish an employment discrimination claim under the ADA. Nor does Plaintiff demonstrate that the defendants denied him reasonable public accommodations or readily accessible services. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005). Thus, Plaintiff fails to state a cognizable ADA claim against the defendants.

### 4. Conspiracy

Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Simmons v. Poe, 47 F.3d 1370, 1376–77 (4th Cir.1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). In the present action, Plaintiff provides no concrete facts to demonstrate that the defendants came to any mutual understanding, or acted "jointly in

PJG

concert" to deprive Plaintiff of any constitutional right. See Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see also Ruttenberg v. Jones, No. 07-1037, 2008 WL 2436157, at *8 (4th Cir. June 17, 2008). Further, Plaintiff provides no indication of a discriminatory motive on the part of the defendants. Thus, to the extent Plaintiff alleges the defendants participated in a conspiracy to violate his constitutional rights, (ECF No. 21 at 4), such a claim is subject to summary dismissal.[7]

### III.    Conclusion

For the foregoing reasons, it is recommended that the Second Amended Complaint be summarily dismissed without prejudice and without issuance and service of process. (ECF No. 21). It is further recommended that Plaintiff's Motion to Compel for Observation be denied as moot. (ECF No. 2.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 7, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] As allegations of conspiracy in the original Complaint appear to be the only claim against Defendant Assist Sol Secretary Linda Woods (ECF No. 1-1 at 3), she would be entitled to summary dismissal from this case even if not protected by prosecutorial immunity.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).