UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Arthur R. Moseley, *aka Shahid Majid*,  )<br>                                                         )<br>                              Plaintiff,     )<br>                                                         )<br> v.                                                  )<br>                                                         )<br> Judge Newman, Assist. Solicitor      )<br> Kimberly Barr, Assist. Sol. Secretary )<br> Linda Woods, Public Defender M.   )<br> Amanda Shula, Verdell Barr, *Former* )<br> *Private Counsel*, Sharon Staggers,  )<br> *Town Clerk*,                                  )<br>                                                         )<br>                              Defendants.  )<br> _____ ) | C/A No.: 0:13-cv-01680-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of United States Magistrate Judge Paige J. Gossett's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) DSC, and filed on October 7, 2013. ECF No. 25. Plaintiff Arthur R. Moseley ("Plaintiff"), an inmate at the Florence County Detention Center proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on June 19, 2013.[1] ECF No. 1. Under established procedure in this judicial district, Magistrate Judge Gossett made a careful review of the *pro se* complaint and now recommends that this Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. ECF No. 25. Plaintiff did not object to the Magistrate Judge's Report and Recommendation. For the reasons discussed herein, this Court adopts the

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In the current case, the earliest legible stamp on the envelope containing Plaintiff's complaint is June 19, 2013.

Magistrate Judge's recommendation in its entirety and summarily dismisses this case.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The failure to file objections to the Report and Recommendation waives any further right to appeal when the parties have been warned that they must object to preserve appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Carter v. Pritchard*, 34 F. App'x 108, 108 (4th Cir. 2002) (per curiam). In the present case, Plaintiff received a copy of the Report and Recommendation, which contained a "Notice of Right to File Objections to Report and Recommendation." ECF No. 25. The Notice warned that "[f]ailure to timely file specific written objections . . . [results] in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation." *Id.* October 24, 2013 was the deadline for filing objections. *See* ECF No. 25. Plaintiff did not file any objections to the Magistrate Judge's Report and Recommendation.

After a review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

October  29 , 2013
Anderson, South Carolina